FREDERICK W. GNICHTEL, trustee, &c.,

*v.*

THE FIRST NATIONAL BANK OF HIGHTSTOWN, NEW JERSEY.

[Filed December 22d, 1902.]

F., who owned a dwelling and a store, in which he had for a long time conducted a business, and whose stock seemed to be large, banked with defendant, all his transactions being with J., its cashier. Among notes discounted was one for $4,000 made by F., and after several years reduced to $3,485. Besides this were several others, amounting to $2,586, some of which were overdue from two days to two or three months. F. had no balance in bank against which they could be charged. J., becoming suspicious that some of the notes were forged, went to S., brother-in-law of F., and found this to be true, and intimated that F. was in danger because of this. Shortly after F., at his home in the presence of S., paid J. $2,586 and took up the forged notes. He had obtained the money by turning over all his property to S. for $3,000. There was no testimony that J. knew at the time how the money had been raised, though it was intimated that S. had arranged for it. A statement which J. had received from F. showed solvency.—*Held*, that J. did not have "reasonable cause to believe" that the payment, made within four months of the filing of the petition in bankruptcy against F., was intended to give the bank a preference so as to make it void under Bankruptcy act (*1898 860b*), as amended by act of February 5th, 1903, *32 Stat. 799 ch. 487 (U. S. Comp. Stat. Supp. 1903 p. 416)*, reasonable cause to "suspect" not being enough.

On demurrer to a bill.

*Mr. W. Holl Apgar,* for the complainant.

*Messrs. Holt & Van Dike,* for the demurrant.

REED, V. C.

The bill is filed by a trustee in bankruptcy to compel the First National Bank of Hightstown to pay over to the complainant certain moneys received by the defendant from the bankrupt.

The demurrer seems to be rested upon the authority of a case decided by one of the appellate courts of Illinois—the case of *McCormick* v. *Page, 3 N. B. N. Rep. 1009.* In that case the

demurrer was sustained upon the ground that the trustee had an adequate remedy at law, and therefore it followed that the remedy by equitable proceeding was excluded. But in this state the jurisdiction of equity is not excluded in all cases where there is an adequate remedy at law. There is a class of cases where the jurisdiction of the courts are concurrent, and this class includes suits in which the gravamen is fraud, actual or constructive. The remedy at law may be perfectly adequate and yet the jurisdiction of a court of equity to afford relief exists, although it is not always exercised. *Ramshire* v. *Bolton, L. R. 8 Eq. Cas. 294; Anderson* v. *Eggers, 18 Dick. Ch. Rep. 264.*

In matters involving a recovery of the property of insolvent debtors, equity has always asserted its authority. Nor does it matter whether the property of a debtor has gone into the hands of a party in a transaction between the debtor and the defendant in which there existed actual fraud, or whether the transaction was constructively fraudulent. A voluntary deed made by an insolvent to a person entirely innocent of any knowledge of the grantee's condition, will be set aside in equity at the suit of an antecedent creditor.

The transaction set out in the bill is constructively fraudulent or unlawful, by force of the provisions of the federal Bankruptcy act. Because the property was received by the bank in the shape of money, and therefore the decree asked for is that the bank pay the money to the trustee, the cause presents an aspect which at once suggested the adequacy of an action at law, and therefore suggested the exclusion of any equitable remedy. But the money held by the bank stands in exactly the same posture as any other property which the bank might have received, and the decree asked for only requires the bank to turn over to the trustee the property which it has received.

Besides, the property sought to be recovered is in its nature trust property, held by the bank for the benefit of the creditors of the bankrupt. The trustee has the right to follow it in a court of equity.

I think there should be a decree for the complainant.